# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-1135
_____

MARK STEVE DWIGHT SALMON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Timothy Register, Judge.

April 10, 2024

B.L. THOMAS, J.

Appellant appeals his jury convictions for attempted manslaughter and robbery with a firearm. We affirm the judgment, but we write to discuss Appellant's claim that he was denied his constitutional rights when he was tried by a jury of fewer than twelve people for a felony punishable by life imprisonment. We reject all other arguments without comment.

On the night of February 22, 2020, a man named Mr. Sessions and his female companion went to check on a piece of property he owned in Bay County. This property included a mobile home, RV, and Ford F-350.

When they arrived at the property, Mr. Sessions noticed what looked like flashlights inside the RV. He felt that "something

wasn't right," so he tried to return to his car. Before he could do so, a tall, lanky man walked out from around the RV and pointed a rifle at him.

According to Mr. Sessions, two more men followed the tall lanky man: one who was small and short, and one who was bigger. The small man carried some sort of handgun, and the bigger man carried an assault rifle. The men asked Mr. Sessions "where the money at" repeatedly. When Mr. Sessions reached into his pocket to retrieve his money, the tall man shot Mr. Sessions in the mouth. After Mr. Sessions had been shot, his female companion got out of the car and tried to run away. The men followed her and "beat her"; one man, upon hitting the woman, apologized when he realized she was Jamaican.

The three men took approximately $3,000 to $3,500 from Mr. Sessions. They then "jumped in the car and sped off."

Later, Mr. Sessions identified his assailants to the police using a photo lineup. Appellant was identified as the shorter man from the attack, who had been standing at the rear of the truck with the handgun. Mr. Sessions noted that Appellant was "Jamaican" in accent, and that he had both heard and seen Appellant participating in the crime.

After being identified, Appellant was brought in for questioning. In response to police speculation about what had happened, Appellant asserted that he had been at the scene incidentally after being pulled along to a drug deal between Mr. Sessions and one of the other men. He claimed to have just been in the car, to not have been involved in the deal at all, and to have no knowledge of exactly "what went down" beyond the fact that his companions stole money, pills, cocaine, and marijuana from Mr. Sessions. Although Appellant admitted to police that he held one of the handguns at some point during the night, he maintained that he stayed in the car for the duration of the robbery and did not participate in the crime.

Appellant argues that he was denied his Sixth Amendment right to a trial by jury when he was tried by a jury of less than twelve people for a felony punishable by life imprisonment.

Recently, Justice Gorsuch of the United States Supreme Court opined in a dissent from the denial of certiorari in *Khorrami v. Arizona*, 143 S. Ct. 23–27 (2022) (Gorsuch, J., dissenting), that a criminal defendant is entitled to a twelve-person jury before he may be constitutionally convicted under the Sixth Amendment. Justice Gorsuch asserted that the Court's decision in *Williams v. Florida*, 399 U.S. 78 (1970), which upheld Florida's authority to rely on six-person juries fifty-two years earlier, was wrongly decided. 143 S. Ct. at 27 (Gorsuch, J., dissenting).

Justice Gorsuch noted that, "while scholars may debate the precise moment when the common-law jury came to be fixed at 12 members, this much is certain: By the time of the Sixth Amendment's adoption, the 12-person criminal jury was 'an institution with a nearly four-hundred-year-old tradition in England.'" *Id. at* 23.

And yet, contrary to Justice Gorsuch's view, this "four-hundred-year-old tradition" was not incorporated in the constitutional document itself. Instead, the Sixth Amendment's drafters removed language in the initial draft specifying that the jury-trial right in the Sixth Amendment must include its "accustomed requisites,"—language which likely would have eliminated any grounds for deviating from a twelve-member jury. *See id.* (citing *Williams*, 399 U.S. at 92). For this reason and the reasons that follow, we conclude that *Williams* was correctly decided.

*The Sixth Amendment Does Not Mandate Twelve-Person Juries*

As was discussed in my concurring opinion in *Lainhart v. State*, if we were to disturb the holding in *Williams*, and if our opinion were to apply retroactively, it could force the State to retry thousands of cases pending on direct appeal. 351 So. 3d 1282, 1284–85 (Fla. 1st DCA 2022) (Thomas, J., concurring). There is also no reason to assume that a unanimous twelve-person jury produces a more just result:

> Given this purpose, the essential feature of a jury obviously lies in the interposition between the accused and his accuser of the commonsense judgment of a group of laymen, and in the community participation and

shared responsibility that results from that group's determination of guilt or innocence. The performance of this role is not a function of the particular number of the body that makes up the jury. To be sure, the number should probably be large enough to promote group deliberation, free from outside attempts at intimidation, and to provide a fair possibility for obtaining a representatives cross-section of the community. But we find little reason to think that these goals are in any meaningful sense less likely to be achieved when the jury numbers six, than when it numbers 12—particularly if the requirement of unanimity is retained. And, certainly the reliability of the jury as a factfinder hardly seems likely to be a function of its size.

*Williams*, 399 U.S. at 100–01 (footnote omitted). And as explained in *Williams*, a larger jury composed of twelve members might just as easily advantage the State as the defense because it allows just one juror out of twelve to prevent a conviction or an acquittal. *Id. at* 101.

Therefore, Appellant's argument that he was entitled to trial before a twelve-person jury is meritless under both federal and state precedent.

AFFIRMED.

ROWE, J., concurs; LEWIS, J., concurs in result without opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Daren L. Shippy, Assistant Attorney General, Tallahassee, for Appellee.